QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Joshua Courtney (SBN 348416)
joshuacourtney@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Alexander Benjamin Spiro (*pro hac vice* to
be filed)
Hope D. Skibitsky (*pro hac vice* to be filed)
Cara Mund (*pro hac vice* to be filed)
alexspiro@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
caramund@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone: (212) 849-7000

*Counsel for Defendants*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| AMIT PATEL, derivatively on behalf of APPLOVIN CORPORATION , <br><br> Plaintiff, <br><br> v. <br><br> ADAM FOROUGHI, MATTHEW STUMPF, CRAIG BILLINGS, HERALD CHEN, MARGARET GEORGIADIS, ALYSSA HARVEY DAWSON, BARBARA MESSING, TODD MORGENFELD, EDWARD OBERWAGER, and EDUARDO VIVAS <br><br> Defendants, | Case No. 4:25-cv-02780-HSG <br><br> **STIPULATION AND [~~PROPOSED~~] ORDER STAYING CASE** <br><br> Judge: Honorable Haywood S. Gilliam, Jr. <br> Courtroom: 2  4th Floor <br> Trial Date: None set |

CASE NO. 4:25-cv-02780-HSG

STIP. AND [~~PROPOSED~~] STAYING CASE

APPLOVIN CORPORATION,

Nominal Defendant.

13701-00002/15767836.4

Plaintiff Amit Patel ("Plaintiff") and Defendants Adam Foroughi, Matthew Stumpf, Craig Billings, Herald Chen, Margaret Georgiadis, Alyssa Harvey Dawson, Barbara Messing, Todd Morgenfeld, Edward Oberwager, Eduardo Vivas, and Nominal Defendant Applovin Corporation (collectively, "Defendants," and together with Plaintiff, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows and jointly request that the Court enter the below Order approving this stipulation.

**WHEREAS**, on March 24, 2025, Plaintiff filed a stockholder derivative complaint (the "Complaint") in the Northern District of California against the Defendants in the above captioned case (the "Derivative Action");

**WHEREAS**, the Derivative Action involves overlapping parties and factual allegations with a federal securities class action filed on March 5, 2025, in the Northern District of California captioned *Quiero v. Applovin Corp.*, Case No. 5:25-cv-2294-HSG, and a federal securities class action filed on March 24, 2025, in the Northern District of California captioned *Brownback v. Applovin, et.* al, 3:25-cv-02772, both of which assert claims under the Securities Exchange Act of 1934, which is governed by the PSLRA; (the "Federal Securities Class Actions");

**WHEREAS**, the Parties have conferred regarding the status of the Derivative Action and the appropriate next steps; and

**WHEREAS**, based upon, among other things, the overlapping factual allegations contained in the Derivative Action and the Federal Securities Class Actions, and to avoid the unnecessary expenditure of judicial resources, the Parties have agreed, subject to this Court's approval, to temporarily stay proceedings in the Derivative Action.

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the Parties, that:

1. Defendants hereby accept service of the Complaint;

2. Subject to Paragraph 3, below, the Derivative Action, including any obligation to respond to the Complaint, is hereby stayed until after the resolution of the motions to dismiss in the Federal Securities Class Actions and after either the expiration of the appeals period applicable to any order of dismissal on the motions to dismiss in the Federal Securities

Class Action or Defendants' filing of an answer in the Federal Securities Class Action as applicable.

3. Within thirty (30) days after the events contemplated in Paragraph 2, above, the Parties shall meet and confer regarding the pendency of the Derivative Action and shall submit a proposed scheduling order to the Court, which may include an agreement for the continuation of the stay, a briefing schedule on any motion to stay, and/or a briefing schedule on a motion to dismiss. The Parties shall advise the Court on any agreements they reach.

4. Defendants shall be under no obligation to respond to any complaint while the Derivative Action is stayed;

5. Defendants shall produce to Plaintiff within thirty (30) days from the relevant event and subject to the execution of an appropriate confidentiality agreement: (a) any documents produced by Defendants to the relevant plaintiff(s) in any shareholder derivative action brought on behalf of AppLovin that arises from the same operative facts, or alleges claims on behalf of the Company that are substantially similar to those alleged in the Derivative Action ("Related Derivative Action"); (b) any litigation demand or demand for inspection under 8 *Del C.* § 220 ("Related Derivative Matter") that arises from the same operative facts, or alleges claims on behalf of the Company that are substantially similar to those alleged in the Derivative Action; and (c) any documents produced by Defendants to the relevant plaintiff(s) in connection with any mediation or formal settlement discussions in the Federal Securities Class Actions or in any Related Derivative Action or any Related Derivative Matter.

6. Defendants shall promptly notify Plaintiff of any Related Derivative Action.

7. Defendants shall promptly notify Plaintiff if a Related Derivative Action is not stayed for a similar or longer duration than the Derivative Action.

8. Plaintiff has the option to terminate the stay if a Related Derivative Action is not stayed for a similar or longer duration than the Derivative Action by giving 14 days' prior notice to counsel for Defendants via email and to the Court.

-2-    CASE NO. 4:25-cv-02780-HSG

STIP. AND [PROPOSED] STAYING CASE

9. Defendants shall provide Plaintiff with reasonable advance notice of any mediation of the Federal Securities Class Actions, and agree that they will not oppose Plaintiff's participation in any such mediation. If Plaintiff is not permitted to participate in such mediation, Defendants agree to mediation in the Derivative Action with Plaintiff within 30 days thereafter. Defendants further agree that they shall notify Plaintiff of any mediation and/or formal settlement discussions in any Related Derivative Action or in any Related Derivative Matter, and invite Plaintiff to participate in any such mediation and/or formal settlement discussions.

10. The Parties shall meet and confer regarding potential consolidation of any shareholder derivative action filed in, removed to, or transferred to this Court that any Party determines may be related to this action and an application for consolidation of such a shareholder derivative action may be made by Plaintiff, and may be ruled on, notwithstanding the stay, and an application for appointment of leadership for plaintiffs may be made by Plaintiff, and may be ruled on, notwithstanding the stay if such appointment by the Court has not already been made.

11. The Parties agree that notwithstanding this stay of this Derivative Action, Plaintiff may file an amended and/or consolidated complaint; however, Defendants shall not be required to answer or otherwise respond to any complaint that is filed in or consolidated with the Derivative Action during the pendency of this stay.

12. This Stipulation is without prejudice to the right of any Defendant to raise any and all arguments or defenses concerning this Court's jurisdiction, any and all claims raised in the Derivative Action, and any and all arguments or defenses concerning potential consolidation or other matters. By entering into this Stipulation, each Defendant preserves all objections and challenges of any kind.

13. This Stipulation is without prejudice to the right of Plaintiff to raise any and all arguments or claims. By entering into this Stipulation, Plaintiff preserves all claims of any kind.

DATED: April 15, 2025

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Joshua Courtney*

Joshua Courtney (SBN 348416)
joshuacourtney@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Alexander Benjamin Spiro (*pro hac vice*)
Hope D. Skibitsky (*pro hac vice* to be filed)
Cara Mund (*pro hac vice* to be filed)
alexspiro@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
caramund@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone: (212) 849-7000

*Counsel for Defendants*

THE BROWN LAW FIRM

*/s/ Robert C. Moest*

Robert C. Moest, Of Counsel, SBN 62166
2530 Wilshire Boulevard, Second Floor
Santa Monica, CA 90403
Telephone: (310) 915-6628
Facsimile: (310) 915-9897
Email: RMoest@aol.com

Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Attorneys for Amit Patel*

-4-                    CASE NO. 4:25-cv-02780-HSG

STIP. AND [PROPOSED] STAYING CASE

## ATTESTATION CLAUSE

I, Joshua Courtney, am the ECF User whose identification and password are being used to file this Stipulation and [Proposed] Order Extending Time to Respond to Complaint and Continuing Case Management Conference Deadlines.  Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the above-signed counsel have concurred in this filing.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this fifteenth day of April, 2025 in Los Angeles, California.


QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Joshua Courtney*

Joshua Courtney

STIP. AND [PROPOSED] STAYING CASE

## [~~PROPOSED~~] ORDER

**PURSUANT TO STIPULATION,  IT IS SO ORDERED.**

Date:    5/1/2025

*Haywood S. Gilliam Jr.*
Hon. Haywood S. Gilliam, Jr.
United States District Judge